UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM JAMES RAY,

        Petitioner,

    v.                                 CAUSE NO. 3:25cv761 DRL-SJF

WARDEN,

        Respondent.

## OPINION AND ORDER

William James Ray, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (MCF 24-11-5649) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a loss of forty-five days earned credit time and a demotion in credit class.

Mr. Ray argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to support a finding of guilt. He maintains that he merely intended to use the alleged weapon as an air freshener, that he never used it or threatened to use it as a weapon, and that he was housed in restrictive conditions that did not allow him any opportunity to use it as a weapon.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess

the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record contains a conduct report in which a correctional sergeant represented that, while searching Mr. Ray's cell, he found a bar of soap placed inside of a sock that was designed for use as a weapon. ECF 6-1. It also contains a witness statement from the correctional sergeant in which he represents that Mr. Ray repeatedly threatened to use the soap-filled sock as a weapon against staff. ECF 6-6. The conduct report and the witness statement constitute some evidence that Mr. Ray possessed a weapon as charged. Therefore, the claim that the administrative record lacked sufficient evidence is not a basis for habeas relief.

Mr. Ray next argues that he is entitled to habeas relief because the "person who approved [his] sanctions" is the husband of hearing officer. He contends that this amounts to an improper conflict of interest. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). "Due process does forbid officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof, from serving on the board hearing the charge." *Id.* at 667. A close romantic or family relationship with a significant witness might also constitute improper bias in the context of a prison disciplinary hearing. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Perotti v. Marberry*, 355 F. Appx. 39, 43 (7th Cir. 2009).

As an initial matter, Mr. Ray's claim suggests that one of the correctional officials who reviewed the hearing officer's decision may have had a conflict of interest, not the hearing officer herself. The court is unaware of any authority suggesting that improper bias of a correctional official reviewing (as opposed to making) the hearing decision is a valid basis for habeas relief in the context of prison disciplinary proceedings.

Further, the Warden identifies three correctional officials who approved Mr. Ray's sanctions and denies that the hearing officer was married to any of them. Though the Warden does not support this denial with evidence, the burden of proof rests with Mr. Ray, and the court finds Mr. Ray's showing to be lacking. Mr. Ray does not identify the hearing officer's alleged husband by name or title. Additionally, he offers no evidence of this purported marriage beyond his attestation, and he offers no explanation as to how this purported marriage is within his personal knowledge. Consequently, the claim of improper bias is not a basis for habeas relief.

Because Mr. Ray has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Ray wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1); and

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES William James Ray leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

July 6, 2026

s/ *Damon R. Leichty*
Judge, United States District Court

4